1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   WESTERN DISTRICT OF WASHINGTON

7   SEAN HERMAN, individually and on behalf
    of all others similarly situated,
                                                  NO.
8                    Plaintiff,
                                                  **CLASS ACTION COMPLAINT**
9          v.
                                                  (DEMAND FOR JURY TRIAL)
10  SCIPLAY CORPORATION; and SCIPLAY
    GAMES, LLC,
11
                     Defendant.
12

13

14         This is a putative class action lawsuit against Defendants for engaging in an illegal

15  gambling scheme.  Plaintiff Sean Herman, individually and on behalf of all others similarly

16  situated, makes the following allegations pursuant to the investigation of his counsel and based

17  upon information and belief, except as to allegations specifically pertaining to himself and his

18  counsel, which are based on personal knowledge.

19                          **<u>INTRODUCTION</u>**

20         1.      Defendants SciPlay Corporation and SciPlay Games, LLC own, operate, and

21  receive significant revenue from their online "social" casino available on various mobile apps,

22  where they offers casino-style slots games that operate based on a digital currency called "coins"

23  which can be purchased and wagered for extended gameplay along with other upgrades and

24  rewards (the "SciPlay Gambling Platform").[1]

25  ─────────────────────
26  [1] The Sciplay Gambling Platform is comprised of the following applications: 88 Fortunes Slots;
    Bingo Showdown; Blazing 7s Casino; Dancing Drums Slots Casino; Gold Fish Casino Slot
    Games; Hot Shot Casino Slot Games; Jackpot Party Casino Slots; MONOPOLY Slots; and
27  Quick Hit Slots

CLASS ACTION COMPLAINT - 1
CASE NO.

**Nick Major Law PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

2. While Defendants advertise and promote the SciPlay Gambling Platform to persons in Washington as a legitimate online business, giving it an aura of legitimacy and legality to Plaintiff and Class members, the SciPlay Gambling Platform is actually a dangerous and plainly unlawful gambling enterprise.

3. The scheme goes like this: Defendants sell digital coins to consumers on the SciPlay Gambling Platform – including consumers in Washington – and then immediately accepts those coins back (from the consumers who purchased them) as wagers on the outcomes of the various casino-style games of chance offered on the SciPlay Gambling Platform. Consumers who purchase and then wager virtual coins on the SciPlay Gambling Platform do so in the hopes of winning more of these coins, which can be used to place more wagers and, in some instances, unlock new gambling games or extend their gameplay once they have run out of coins to wager with. Plaintiff and numerous other Washington residents have lost significant sums of their hard-earned money buying and placing wagers with coins on the SciPlay Gambling Platform, and Defendants have, in turn, reaped enormous profits from the losses these people have sustained.

4. Washington's gambling law clearly prohibits the type of gambling offered by Defendants. Accordingly, Plaintiff brings this Class Action Complaint, individually and on behalf of all others similarly situated, to redress Defendants' widespread violations of Washington's gambling laws.

## PARTIES

5. Plaintiff Sean Herman is a natural person and a citizen and resident of Bremerton, Washington.

6. Defendant SciPlay Corporation is a private company organized and existing under the laws of Nevada, with a place of business in Las Vegas, Nevada. Defendant SciPlay Corporation has operated and continues to operate the SciPlay Gambling Platform and has received and continues to receive substantial revenue from the losses sustained by players who have purchased and wagered with virtual coins on the SciPlay Gambling Platform, including Washington residents.

CLASS ACTION COMPLAINT - 2
CASE NO.

7.      Defendant SciPlay Games, LLC is a private company organized and existing under the laws of Nevada, with a place of business in Las Vegas, Nevada. Defendant SciPlay Games, LLC has operated and continues to operate the SciPlay Gambling Platform and has received and continues to receive substantial revenue from the losses sustained by players who have purchased and wagered with virtual coins on the SciPlay Gambling Platform, including Washington residents.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.  During the year ending on 2022, for example, Defendants generated over $615 million in revenue attributable to losses sustained on the SciPlay Gambling Platform by persons in the United States.[2] The revenue has increased exponentially since it was acquired in February 2025.[3]

9.      The Court has personal jurisdiction over Defendants and venue is proper in this judicial District because Defendants purposefully directed the SciPlay Gambling Platform to residents of Washington (including by advertising and running promotional materials directed to persons in Washington), knowingly accepted registrations, purchases of coins, and wagers placed with purchased coins on the SciPlay Gambling Platform from Plaintiff and numerous other persons in Washington, and collected enormous revenues from the losses suffered by Plaintiff and numerous other persons in Washington who purchased and placed wagers with such coins on the SciPlay Gambling Platform, such that a substantial portion of the events that gave rise to Plaintiff's claims occurred in Washington and within this judicial District.

---

[2] https://mlq.ai/stocks/SCPL/revenue-segments/ ; see also IRS Form 10-k, December 31, 2024, available at pg. 49,
https://www.annualreports.com/HostedData/AnnualReports/PDF/NASDAQ_SCPL_2022.pdf

[3] https://www.businesswire.com/news/home/20250806801950/en/Light-Wonder-Inc.-Reports-Second-Quarter-2025-Results

CLASS ACTION COMPLAINT - 3
CASE NO.

1

## FACTUAL ALLEGATIONS

2     10.     **Washington's Recovery of Money Lost at Gambling Act**

3     11.     Washington's Recovery of Money Lost at Gambling Act entitles "[a]ll persons

4 losing money or anything of value at or on any illegal gambling games" to "have a cause of action

5 to recover from the dealer or player winning, or from the proprietor for whose benefit such game

6 was played or dealt, or such money or things of value won, the amount of the money or the value

7 of the thing so lost." Wash. Rev. Code § 4.24.070.

8     12.     As defined in Washington's Gambling Act, a "gambling device" means:

9         (1) Any device or mechanism the operation of which a right to money,

10         credits, deposits or other things of value may be created, in return for a

11         consideration, as the result of the operation of an element of chance,

12         including, but not limited to slot machines, video pull-tabs, video poker,

13         and other electronic games of chance;

14         (2) any device or mechanism which, when operated for a consideration,

15         does not return the same value or thing of value for the same consideration

16         upon each operation thereof;

17         (3) any device, mechanism, furniture, fixture, construction or installation

18         designed primarily for use in connection with professional gambling; and

19         (4) any subassembly or essential part designed or intended for use in

20         connection with any such device, mechanism, furniture, fixture,

21         construction or installation.

22 *Id.* § 9.46.0241.

23

24

25

26

27

CLASS ACTION COMPLAINT - 4
CASE NO.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

13.     "Gambling," as used in the Washington Gambling Act, is defined as "staking or risking something of value[4] upon the outcome of a contest of chance[5] or a future contingent event not under the person's control or influence, upon an agreement or understanding that the person or someone else will receive something of value in the event of a certain outcome." *Id.* 9.46.0237.

14.     As alleged below, Defendants violated Washington's Gambling Act by operating and amassing enormous revenue from the losses sustained from United States residents who "gambled" by wagering "things of value" on the illicit "gambling devices" offered through the SciPlay Gambling Platform.

I.     **The Evils of Online Gambling**

15.     Gambling is one of the oldest and heavily regulated human behaviors. Even before the advent of science, religions across the world have recognized the inherent addictive nature of playing games of chance and banned them through biblical injunctions. As religious authority gave way to democratic governments, the vast majority of states in the country enacted legislation prohibiting or strictly regulating gambling activities. Unlike historical relics, these states have recognized that gambling poses a public health risk. Scientific research has confirmed and shed further light on the perils of gambling—ranging from mental health issues to physical, financial, and interpersonal problems.

16.     Against this backdrop, many states, including Washington, have been steadfast in maintaining and enforcing their gambling laws, even in the event that federal law takes a more permissive approach. As stated by Washington's legislature in enacting the Act:

---

[4] The Act defines a "thing of value" to include "any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise, directly or indirectly, contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge." *Id.* § 9.46.0285.

[5] "Contest of chance" is defined as "any contest, game, gaming scheme, or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." *Id.*  § 9.46.0225.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

[It's] the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace

Wash. Rev. Code § 9.46.010.

17.     With technological advances, however, many casinos and other gambling operators proliferated into people's pockets through online websites and apps, including the SciPlay Gambling Platform. These online gambling platforms have been particularly challenging to regulate because many states' anti-gambling statutes were originally enacted to prohibit in-person gambling activities.

18.     Worse still, because these online gambling platforms operate outside of the confines of gambling laws, they knowingly rig the odds against users to further exploit them. For example, while slot machines in a physical casino are required to randomize their results, online gambling platforms tailor "wins" and "losses" to manipulate consumer engagement through powerful algorithms. As the Defendants' own CEO explained:

The secret sauce of Playtika is our ability to work with AI. We know exactly when a player is going to stop playing. We know exactly when they're going to pay. We know how many times they come in each day. I can't say we can predict with 100 percent accuracy, but we can predict, for most of our players, their activities in our games. That's the real power behind the operations side. When you can predict this, you can find solutions to problems. If someone wants to move on from your game, to delete your app, you know how to handle that player.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

We sound the alarm. We know how to operate and make sure a player retains in the game.[6]

19.      Defendants have employed these exact tactics to maximize the profits they reap through the SciPlay Gambling Platform.

## II.      The SciPlay Gambling Platform

20.      Defendants own and operate the SciPlay Gambling Platform, which is on various mobile apps.  The SciPlay Gambling Platform allows consumers, including those in Washington, to spend real money to purchase coins and to gamble with those coins on a wide variety of chance-based games, including slots.

21.      The process of getting set up with an account to play the gambling games offered on the SciPlay Gambling Platform simply requires a consumer to input basic personal information, including, inter alia, his or her e-mail address and phone number.

22.      After creating an account, the consumer can begin placing wagers on the gambling games offered on the SciPlay Gambling Platform with a small periodic allotment of free coins provided upon enrollment.

23.      After invariably losing the free allotments of coins, the consumer must purchase more coins if he or she wishes to continue wagering with them on the particular casino game of their liking within the SciPlay Gambling Platform.

24.      Thus, after the consumer loses the free allotments of coins, Defendants will aggressively attempt, through persistent pop-up screens and pages, to sell the consumer additional coins – at varying prices depending on the number of coins the consumer wishes to purchase.

25.      Purchases of additional coins on the SciPlay Gambling Platform can be made using a wide variety of payment methods, including credit and debit cards. Regardless of the payment

---

[6] Dean Takahashi, *Playtika CEO Robert Antokol interview— Why player retention matters now, VENTUREBEAT* (Jan. 6, 2022), https://venturebeat.com/games/playtika-ceo-robert-antokol-interview-why-player-retention-mattersnow/.

CLASS ACTION COMPLAINT - 7
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

method, the purchased coins are instantly available for gambling on the SciPlay Gambling Platform.

26.    The coins won by consumers playing Defendants' games of chance are identical to the coins that Defendants sell.

27.    Freshly topped off with an additional allotment of purchased coins, the consumer will wager those coins in the hopes of winning more coins that he or she would otherwise have had to purchase.

28.    Notably, the outcome of every wager placed on each of the games offered on the SciPlay Gambling Platform is based on an element of chance.

29.    Defendants maintain win and loss records and account balances for each person who creates an account, purchases coins, and uses those coins to place wagers on the SciPlay Gambling Platform. Indeed, once Defendants' algorithms determine the outcome of a wager and Defendants display the outcome, Defendants adjust the balance of coins in the person's account. Defendants keep detailed records of each wager and its outcome for every player of every game offered on the SciPlay Gambling Platform.

30.    Using the information provided by users at the time they register for accounts and make purchase of coins, as well as by analyzing users' IP addresses, Defendants have intimate knowledge of, and maintains records reflecting, the geographic locations (including city and state for U.S.-based players) from which each of its users enrolled in, made purchase of coins, and lost coins wagering on the SciPlay Gambling Platform.

31.    Thus, at the time Plaintiff and the other members of the Class enrolled in, purchased coins on, and lost coins placing wagers on the SciPlay Gambling Platform, Defendants had actual knowledge that these persons were located in Washington based on the information they had provided while registering for accounts and making purchases and the IP addresses associated with the devices from which they accessed the SciPlay Gambling Platform. Defendants nonetheless happily pocketed the losses they sustained using purchased coins to place wagers on the SciPlay Gambling Platform.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

32.     During the three-year period preceding the filing of this action, Defendants have received significant revenue from Washington residents through their operation of "fringe gambling devices," "video gaming devices," and "gambling devices or records" on the illicit SciPlay Gambling Platform – in direct violation of Washington's Gambling Act.

**III.     Plaintiff Sean Herman's Experience**

33.     Plaintiff Sean Herman created an account on the SciPlay Gambling Platform and, after losing his periodic allotments of free coins by placing wagers on the SciPlay Gambling Platform, he purchased additional coins from Defendants.

34.     Thereafter, Plaintiff continued to play the gambling games offered on the SciPlay Gambling Platform by placing wagers with the coins he had purchased for the chance to win additional such coins, to continue playing his games of choice, and to unlock additional games that require a higher amount of coins to play.

35.     During the three-year period preceding the filing of this action, Plaintiff spent a significant amount of money purchasing coins from Defendants and thereafter lost all or substantially all of those purchased coins playing the gambling games offered on the SciPlay Gambling Platform.

36.     At all times relevant hereto, Plaintiff resided in, was a citizen of, and was physically present in Washington.

**IV.     Plaintiff's Claims Are Not Subject to Arbitration.**

37.     Plaintiff's sole reason for setting up an account with Defendants was to gain access to the SciPlay Gambling Platform in Washington offered by Defendants that he now understands violate Washington law. He did not review and was not aware he was purportedly agreeing to any terms and conditions on Defendants' website at the time of account creation or otherwise.

38.     Said differently, to the extent a contract was formed between Plaintiff and Defendants, the sole purpose of the contract was to facilitate the unlawful gambling activities that are at issue in this Complaint.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

39.     Accordingly, Plaintiff's contract with Defendants (to the extent any such contract was otherwise ever formed) is void *ab initio*.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff seeks to represent a class defined as all residents of Washington who purchased, wagered, and lost coins on Defendants' SciPlay Gambling Platform at any time during the three-year period preceding the filing of this action (continuing through the date of any order granting class certification).

41.     Members of the Class are so numerous that their individual joinder herein is impracticable.  The members of the Class number in at least the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time, but will be determined in discovery.  The Class may be notified of the pendency of this action at the addresses found in Defendants' records.

42.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether the SciPlay Gambling Platform was illegal under Washington's state gambling laws; (b) whether Defendants is liable for managing, possessing, controlling, and/or profiting from the SciPlay Gambling Platform; (c) whether Defendants' participation in operating the SciPlay Gambling Platform constitutes an unfair and/or unlawful business practice under Washington's consumer protection statutes; (d) the amount of monetary relief the Class is entitled to recover from Defendants.

43.     The claim of the named Plaintiff is typical of the claims of the members of the Class in that the named Plaintiff and all Class members suffered monetary loss as a result of Defendants' SciPlay Gambling Platform.

44.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

1    vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff

2    and his counsel.

3        45.    The class mechanism is superior to other available means for the fair and efficient

4    adjudication of the claims of Class members.  Each individual Class member may lack the

5    resources to undergo the burden and expense of individual prosecution of the complex and

6    extensive litigation necessary to establish Defendants' liability. Individualized litigation increases

7    the delay and expense to all parties and multiplies the burden on the judicial system presented by

8    the complex legal and factual issues of this case.  Individualized litigation also presents a potential

9    for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

10   management difficulties and provides the benefits of single adjudication, economy of scale, and

11   comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment

12   of the liability issues will ensure that all claims and claimants are before this Court for consistent

13   adjudication.

## CAUSES OF ACTION

### COUNT I
### Violation of Revised Code of Washington § 4.24.070, *et seq.*
### (On Behalf of Plaintiff and the Class)

18       46.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set

19   forth herein.

20       47.    Plaintiff brings this claim individually and on behalf of the members of the Class

21   against Defendants.

22       48.    Plaintiff, members of the Class, and Defendants are all "persons" as defined by

23   RCW § 9.46.0289

24       49.    The state of Washington's "Recovery of money lost at gambling" statute, RCW §

25   4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling

26   games shall have a cause of action to recover from the dealer or player winning, or from the

27   proprietor for whose benefit such game was played or dealt, or such money or things of value won,

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

the amount of the money or the value of the thing so lost."

50.    Plaintiff and the Class purchased coins with real money from Defendants and used those coins to place wagers on the games offered on the SciPlay Gambling Platform, which led Plaintiff and the Class to "lo[se] money" as defined by the Act.

51.    All of the games offered on the SciPlay Gambling Platform and played by Plaintiff and members of the Class required Plaintiff and Class members constitutes "gambling," because they required them to "stak[e] or risk[] something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence." RCW § 9.46.0237

52.    All of the games offered on the SciPlay Gambling Platform and played by Plaintiff and members of the Class constituted "[c]ontest[s] of chance," because they were "contest[s], game[s], gaming scheme[s], or gaming device[s] in which the outcome[s] depend[] in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." RCW § 9.46.0225.

53.    The coins that Plaintiff and members of the Class purchased from Defendants, and that Defendants accepted from Plaintiff and Class members as wagers on the outcomes of the games offered on the SciPlay Gambling Platform, were each a "thing of value" within the meaning under RCW § 9.46.0285 because they permitted them to extend their games of choice and/or unlock additional games that required a higher amount of coins to play.

54.    All of the games offered on the SciPlay Gambling Platform and played by Plaintiff and members of the Class were not "Amusement game[s]" under RCW § 9.46.0201 because their outcomes were dependent entirely upon chance and not upon the skill of the player and because the games were "contest[s] of chance," as defined by RCW § 9.46.0225

55.    Finally, all of the games offered on the SciPlay Gambling Platform were not "pinball machine[s] or similar mechanical amusement device[s]" as contemplated because: (a) the games were electronic rather than mechanical; (b) the games conferred replays, but they were recorded and could be redeemed on separate occasions (*i.e.*, they were not "immediate and unrecorded"); and (c) the games contained electronic mechanisms that vary the chance of winning

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

1  free games or the number of free games which could be won (*e.g.*, the games allowed for different

2  wager amounts).

3      56.    By operating and receiving revenue from Washington residents as a result of the

4  illegal gambling games Defendants offered on the SciPlay Gambling Platform, Defendants

5  directly violated Washington's gambling laws and is liable for damages to Plaintiff and the Class

6  members for losing money throughout the SciPlay Gambling Platform. RCW § 4.24.070.

7                                        **COUNT II**
8                      **Violation of Washington Consumer Protection Act**
                              **RCW § 19.86.010, *et seq***
9                          **(On behalf of Plaintiff and the Class)**

10     57.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set

11 forth herein.

12     58.    Plaintiff brings this claim individually and on behalf of the members of the Class

13 against Defendants.

14     59.    Washington's Consumer Protection Act, RCW § 19.86.010, et seq. ("CPA"),

15 protects both consumers and competitors by promoting fair competition in commercial markets

16 for goods and services.

17     60.    To achieve that goal, the CPA prohibits any person from using "unfair methods of

18 competition or unfair or deceptive acts or practices in the conduct of any trade or commerce…"

19 RCW § 19.86.020.

20     61.    The CPA states that "a claimant may establish that the act or practice is injurious

21 to the public interest because it . . . Violates a statute that contains a specific legislative declaration

22 of public interest impact."

23     62.    Defendants violated RCW § 9.46.010, *et seq.* which declares that:

24    "The public policy of the state of Washington on gambling is to keep the criminal
       element out of gambling and to promote the social welfare of the people by
25     limiting the nature and scope of gambling activities and by strict regulation and
       control. It is hereby declared to be the policy of the legislature, recognizing the
26     close relationship between professional gambling and organized crime, to
       restrain all persons from seeking profit from professional gambling activities in
27

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

1
2
3
4
5

this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace."

6
7

63.     Defendants have violated RCW § 9.46.010, *et seq.*, because its SciPlay Gambling Platform offered illegal gambling games.

8
9
10

64.     Defendants' wrongful conduct occurred in the conduct of trade or commerce— *i.e.*, while Defendants were engaged in the operation of making computer games available to the public.

11
12
13
14
15
16

65.     Defendants' acts and practices were injurious to the public interest because Defendants, in the course of their business, continuously advertised to and solicited the general public in Washington State and throughout the United States to play their unlawful online casino games of chance. This was part of a pattern or generalized course of conduct on the part of Defendants, and during that time, many consumers were adversely affected by Defendants' conduct and put the public at risk.

17
18
19

66.     Defendants profited immensely from their operation of the unlawful games of chance offered through the SciPlay Gambling Platform, amassing hundreds of millions of dollars from the losers of those gambling games.

20
21
22

67.     As a result of Defendants' conduct, Plaintiff and the Class members were injured in their business or property—*i.e.*, economic injury—in that they lost money wagering on Defendants' SciPlay Gambling Platform.

23
24
25
26

68.     Defendants' unfair and deceptive conduct caused Plaintiff's and the Class members' injury because, but for the challenged conduct, Plaintiff and the Class members would not have lost money wagering at or on Defendants' SciPlay Gambling Platform, and they did so as a direct, foreseeable, and planned consequence of that conduct.

27

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

69.     Plaintiff, on behalf of himself and the Class members, seeks to recover actual damages, treble damages, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the Classes and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.     For an order declaring Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.     For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For recission, restitution and all other forms of equitable relief;

g.     For injunctive relief as pleaded or as the Court may deem proper; and

h.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2026.

NICK MAJOR LAW PLLC

By: */s/ Nicholas R. Major*
Nicholas R. Major, WSBA No. 49579
E-mail: nick@nickmajorlaw.com
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
Telephone: (206) 410-5688

CLASS ACTION COMPLAINT - 15
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

GUCOVSCHI LAW FIRM, PLLC.

Adrian Gucovschi, *Pro Hac Vice Forthcoming*
E-Mail: adrian@gucovschilaw.com
140 Broadway, Fl. 46
New York, New York 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230

HEDIN LLP

Frank S. Hedin, *Pro Hac Vice Forthcoming*
E-Mail: fhedin@hedinllp.com
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT - 16
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688